UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER CURRIN, ET AL.,              :
                                   :
      Plaintiffs,                  :
                                   :
      v.                           :      CASE NO. 3:07CV1069(RNC)
                                   :
ARISTA RECORDS, INC., ET AL.,      :
                                   :
      Defendants.                  :

RECOMMENDED RULING ON MOTION FOR SUMMARY JUDGMENT

      This is a copyright infringement action brought by plaintiffs

Peter Currin and David Currin.[1]  They allege that the defendants,

Arista Records Inc. and Sony BMG Music Entertainment, distributed a

song that infringes the plaintiffs' copyright.[2]  Pending before the

court is the defendants' Motion for Summary Judgment, doc. #171.

The motion should be GRANTED.

I.    Factual Background

      The plaintiffs allege that they own the copyright in a song

titled *I'm Frontin'*, which they authored in or about 1993.  They

_____

      [1]Although the plaintiffs have been *pro se* for much of the
pendency of this action, they are now represented by counsel.  Both
the operative Amended Complaint, doc. #55, and the plaintiffs'
summary judgment briefing were filed by counsel.

      [2]Specifically, Count Eleven of the Amended Complaint, doc.
#55, alleges contributory copyright infringement against defendant
Arista Records due to its distribution of the infringing song.
Count Twelve alleges that defendant Arista Records violated the
Connecticut Unfair Trade Practices Act by distributing the song.
Count Thirteen alleges that defendant Sony BMG Music Entertainment
Inc. is vicariously liable for copyright infringement in that it
failed to perform "the necessary due diligence to uncover"
defendant Williams' alleged copyright infringement.  These are the
only remaining counts.

allege that a hit song issued by Pharrell Williams and The Neptunes, entitled *Frontin'*[3], infringes their copyright.[4]  The complaint alleges that the defendants were involved in distribution of Williams' song.

For purposes of this motion, the defendants do not dispute the plaintiffs' copyright ownership and ask the court to assume for the sake of argument that Williams and/or others had access to the plaintiffs' song and an opportunity to copy it.  They move for summary judgment on the grounds that, even assuming that there was such access, no reasonable trier of fact could find the two songs to be substantially similar.  Therefore, they argue, there was no infringement by Williams and, it follows, no contributory or vicarious infringement by the defendants.

II.  Standard of Review

A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a

---

[3]The plaintiffs' opposition brief refers to Williams' song as *Just Frontin'*.  However, the parties' statements of undisputed facts state the title as *Frontin'*. (See Defs' Local Rule 56(a)(1) Statement, doc. #171-5 and Pls' Local Rule 56(a)(2) Statement, doc. #183-2.)

[4]The complaint alleges that, in 1995, a recording of their song was sent to Bad Boys Entertainment, Inc., a company owned by Sean Combs.  Plaintiffs allege that Combs shared the song with Williams.

matter of law.  See Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the burden of showing the absence of any genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "A party opposing a . . . motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'"  Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (quoting Celotex, 477 U.S. at 324).  The court must view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.  See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

III. Copyright Principles

     "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003).  The first element, plaintiffs' ownership of a valid copyright, is undisputed for purposes of this motion.

     To satisfy the second element, unauthorized copying, "a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or unlawful appropriation.'" Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003) (internal citation omitted).  "Actual copying may be established either by direct evidence or circumstantial proof that

the alleged infringer had access to the protected work and that the
allegedly infringing work bears a 'probative similarity' to the
copyrighted work." <u>Jean v. Bug Music, Inc.</u>, No. 00CIV4022(DC),
2002 WL 287786, *4 (S.D.N.Y. Feb. 27, 2002), citing <u>Ringgold v.
Black Entm't Television, Inc.</u>, 126 F.3d 70, 75 (2d Cir. 1997).

"Once copying has been established, a plaintiff must next
demonstrate that the copying was unlawful by showing that there is
a substantial similarity between the protectible elements in the
two works." <u>Hogan v. DC Comics</u>, 48 F. Supp. 2d 298, 307 (S.D.N.Y.
1999)(internal citations omitted).  "The copied elements of the
work must be original and nontrivial to constitute improper
appropriation." <u>Jean</u>, 2002 WL 287786 at *5, citing <u>Feist Publ'ns,
Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 345 (1991).

> The mere fact that a work is copyrighted does not mean
> that every element of the work may be protected.
> Originality remains the *sine qua non* of copyright;
> accordingly, copyright protection may extend only to
> those components of a work that are original to the
> author.

<u>Feist</u>, 499 U.S. at 348.  "Careful scrutiny is necessary when the
protected work contains unprotectible elements." <u>Jean</u>, 2002 WL
287786 at *4, citing <u>Knitwaves, Inc. v. Lollytogs Ltd.</u>, 71 F.3d
996, 1002 (2d Cir. 1995).  "[A] court must attempt to extract the
unprotectible elements from [its] consideration and ask whether the
*protectible elements, standing alone*, are substantially similar."
<u>Id</u>, quoting <u>Knitwaves</u>, 71 F.3d at 1002 (emphasis in original).  The
copyright owner must demonstrate "that substantial similarities as

4

to the protected elements of the work would cause an average lay observer to recognize the alleged copy as having been appropriated from the copyrighted work." Jean, 2002 WL 287786 at *4.   A court must "examine the total concept and feel of the work." Hogan v. DC Comics, 48 F. Supp. 2d 298, 309 (S.D.N.Y. 1999).

Because the test is intended to gauge the reaction of an "average lay observer," the testimony of expert witnesses plays, at most, a minor role in determining substantial similarity.   "Expert testimony of musicians may also be received, but it will in no way be controlling on the issue of illicit copying, and should be utilized only to assist in determining the reactions of lay auditors." Arnstein v. Porter, 154 F.2d 464, 473 (2d Cir. 1946). See also Walker v. Time Life Films, Inc., 784 F.2d 44, 51 (2d Cir. 1986); Shine v. Childs, 382 F. Supp. 2d 602, 614 (S.D.N.Y. 2005)("the Second Circuit has long held that substantial similarity should be determined not with the help of or solely by experts in the relevant field, but from the perspective of the ordinary observer").

Certain compositional elements common to many songs "are unoriginal and constitute 'scenes a faire,' or ordinary, unprotectible expression." Intersong-USA v. CBS, Inc., 757 F. Supp. 274, 282 (S.D.N.Y. 1991).   Thus, for example, courts have held that certain commonly-used elements such as a descending scale step motive, the use of the eight-measure phrase, or the use of 4/4

rhythm are not, in themselves, protectible.  See id.; Velez v. Sony Discos, No. 05Civ. 0615(PKC), 2007 WL 120686 (S.D.N.Y. Jan. 16, 2007).  However, unoriginal elements, when combined in an original manner, can constitute an original, copyrightable work.  BMS Entertainment/Heat Music LLC v. Bridges, 2005 U.S. Dist. LEXIS 13491 (S.D.N.Y. July 6, 2005).

Similarly, "[c]ommon phrases are generally not susceptible to copyright protection."  Stratchborneo v. Arc Music Corp., 357 F. Supp. 1393, 1405 (S.D.N.Y. 1973)(the phrase "MOJO" is "so commonplace as to be substantially within the public domain").  "As a well-worn cliche or motto, the 'ordinary' phrase may be freely quoted or otherwise used without fear of infringement."  Acuff-Rose Music v. Jostens Inc., 988 F. Supp. 289, 295 (S.D.N.Y. 1997), aff'd 155 F.3d 140 (2d Cir. 1998)(the common phrase "You've got to stand for something or you'll fall for anything," appearing in a song, was not a protectible element).  See also Perma Greetings, Inc. v. Russ Berrie & Co., 598 F. Supp. 445, 449 (E.D. Mo. 1984) ("hang in there" not protectible);  O'Brien v. Chappel & Co., 159 F. Supp. 58, 59 (S.D.N.Y. 1958) (common phrase "night and noon" not subject to copyright protection).

"Substantial similarity is generally a question of fact for a jury."  Hogan v. DC Comics, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999), citing Hoehling v. Universal City Studios, Inc. 618 F.2d 972, 977 (2d Cir., 1980).  However, summary judgment is appropriate

on this issue, where the similarity concerns only noncopyrightable elements of plaintiff's work or where "no reasonable trier of fact could find the works substantially similar." <u>Williams v. Crichton</u>, 84 F.3d 581, 587 (2d Cir. 1996), quoting <u>Walker v. Time Life Films, Inc.</u>, 784 F.2d 44, 48 (2d Cir. 1986).

IV.   <u>Discussion</u>

    The defendants move for summary judgment on the grounds that no reasonable trier of fact could find a substantial similarity between the plaintiffs' song and the allegedly infringing song.

    The plaintiffs argue that there are several specific similarities.  In addition to the use of the word "frontin'" in the title and lyrics, the plaintiffs also argue that the songs have similar storylines.  Plaintiffs also contend that both songs share the same tempo and 4/4 rhythm and use hip-hop idioms.  These are all of the similarities the plaintiffs point to in their opposition.

    Plaintiffs have submitted a purported expert report in support of their position.  The defendants object that the plaintiffs' expert report is inadmissible because it includes no information as to the purported expert's qualifications.  The court agrees that the report does not comply with Fed. R. Civ. P. 26(a)(2)(B) and makes no showing that the expert is "an expert by knowledge, skill, experience, training or education." F.R.E. 702.  <u>See also</u> <u>Velez v. Sony Discos</u>, No. 05Civ. 0615(PKC), 2007 WL 120686, *4 (S.D.N.Y. 2007) ("the threshold question that a Court must answer in

assessing the admissibility of expert testimony is whether the proffered expert is 'qualified ... by knowledge, skill, experience, training, or education.'")  The report therefore is inadmissible.

The inadmissibility of this report is, in truth, no great loss to the plaintiffs.  Although the expert refers to a few terms of art from musicology, such as rhythm and tempo, he provides neither explanation as to the technical meaning of these concepts nor any discussion of their significance in this case.[5]  The plaintiffs' arguments essentially repeat all the points raised by the purported expert, and the court addresses those arguments below.[6]

The court now turns to the specific similarities identified by the plaintiffs, before examining the more general "concept and feel" of the works.  Hogan v. DC Comics, 48 F. Supp. 2d 298, 309 (S.D.N.Y. Jan. 26, 1999).

A.    The word "frontin'"

As the defendants concede, an obvious similarity between the two songs lies in the use of the word "frontin'."  Plaintiffs' song is called I'm Frontin' and Williams' song is entitled Frontin'.  The near-identity of titles is the primary similarity relied on by the plaintiffs in their opposition brief.  The word is also

_____

[5]The entire opinion on tempo is that both songs "share the same tempo."  The entire opinion on rhythm is that the songs "both use a 4/4 rhythm."  (Pls' Mem, ex. 2, doc. #183-3.) Most of the remainder of the report discusses similarities in the lyrics, matters that do not require any technical expertise or insight.

[6]As discussed supra, expert testimony is, in any event, of limited use for determining substantial similarity.

repeated several times in each song.[7]

Defendants, however, present evidence that this term was part of hip-hop vocabulary as early as 1992, the year before plaintiffs allegedly wrote their song.  Specifically, defendants submit pages from a specialty dictionary titled "Fresh Fly Flavor: Words & Phrases of the Hip-Hop Generation," copyrighted in 1992 by "Fab 5 Freddy a.k.a. Fred Brathwaite."  It defines "frontin'" as "1. Trying to impress someone. 2. Telling lies."

The plaintiffs do not challenge the authoritativeness of this text or present any other evidence that their use of the term

---

[7]In plaintiff's song, "frontin'" appears in the following lyrics:
10th line: "Dina caught me in the act so I had to admit it, that I'm frontin' and I don't care if you know"

12th line: "I'm frontin' and I don't care if you know"

21st line: "She started smiling put her hands on her hips, rolling her eyes, licking her lips by that time she was sitting on the hood and I was frontin' like a real mac should/ I'm frontin'"

(Defs' Statement of Material Facts, doc. #171, ex. B.)  In the allegedly infringing song, it appears in two lines of the chorus:

    I know that I'm carrying on, nevermind if I'm showing off
    I was just frontin' (you know I want ya babe)
    I'm ready to bet it all, unless you don't care at all
    But you know I want ya (you should stop frontin' babe)

It is used again near the end of the song:

    I'm too old to be frontin' when I'm feeling Denzel
    And you acting like you ain't appealing when you are
    Stunting like you ain't my only girl when you are (I was just frontin')
    I'm ready to stop when you are

(Defs' Statement of Material Facts, doc. #171, ex. D.)

"frontin'" is original.  They argue that the word frontin' is unfamiliar "to the public at large," but do not present any evidence in support of that contention.  Even if plaintiffs are correct that the word was not generally known, it was common enough to appear in a dictionary in 1992.  So it could not have been an original expression by the plaintiffs when they allegedly wrote their song in 1993.  See Stratchborneo v. Arc Music Corp., 357 F. Supp. 1393, 1396 (S.D.N.Y. 1973).  There is no evidence that the plaintiffs created this expression or used it in an original way.

Based on the record before it, the court finds that the word "frontin'" is a non-protectible element of the plaintiffs' song.  Therefore, Williams' use of the use of the word "frontin'," without more, is not a basis for a finding of substantial similarity.

B.   Storylines

The plaintiffs argue that the allegedly infringing song "follows an extremely similar storyline through its lyrics to that of the plaintiffs' lyrical storyline."  The defendants argue that the songs' storylines are different.

Plaintiffs' song is a narrative recounting a man's travels around town and an ensuing series of sexual conquests– first, a woman named Dina, then Dina's sister, then a third unnamed woman. He seduces these women with "mac daddy lines," such as "you're a queen, sweet, plump and clean."  When Dina catches the narrator with her younger sister, he is forced to admit that he has been

10

"frontin' and I don't care if you know."  When he succeeds in
sweet-talking the third woman, he says he was "frontin' like a real
mac should."  "Frontin'," in the context of this song, is an act
to hide dishonorable intentions.

The allegedly infringing song, by contrast, is not a narrative
of events but a sort of reflection about the relationship between
the narrator and one woman.  The woman, says the narrator, "ain't
looking at no other dudes cause you love me," and she finds herself
"trying to do my dance/ Maybe cause you love me."  She is, he says,
"frontin'" about her feelings.  As for the narrator's feelings,
"Everytime your name was brought up/ I would act all nonchalant in
front of an audience" but "truth be told you do me for a loop."  He
admits that he acts "like you ain't appealing when you are" and
"like you ain't my only girl when you are."  By the end of the
song, he concludes that he is "too old to be frontin'" and is
"ready to stop when you are."  In this song, "frontin'," though
accompanied by its share of sexual bravado, is not so much a
deception but a false front to shield emotion.

The court finds no similarity between the storylines of the
two songs.  In addition, apart from the word "frontin'," plaintiffs
have not identified, and the court does not find, any other
substantial similarity in the lyrics.  Both songs include idiomatic
references to sexual acts, but ideas of lust or sexuality are not
copyrightable.  Only the actual expression of those ideas might be

protected, and there is no overlap in the specific expression used
by the two songs.

    C.   <u>Meter and Tempo</u>

    Finally, the plaintiffs argue that the songs both have the
same "tempo," a "4/4 rhythm," and use "hip-hop idioms."  They do
not explain exactly what they mean by any of these phrases.

    As to tempo, in the absence of any clear argument from the
plaintiffs, the court relies on a dictionary definition:

        Tempo: the rate of rhythmic recurrence or movement;
        *specif*.: the rate of speed of a musical piece or passage
        indicated by one of a series of directions associated
        conventionally with speed (as largo, presto, allegro)
        and often by an exact metronome marking.

Webster's Third New International Dictionary (Unabridged) 2353
(1993).  The record does not include sheet music or any other
evidence that might help the court evaluate the plaintiffs'
argument that the songs in fact have the same tempo.  However, even
if the plaintiffs are correct that the two songs have the same
tempo, the speed of the song is not, by itself, a protectible
element.  The songs share a 4/4 meter, but this element is not,
without more, evidence of substantial similarity because it is so
commonplace as to be likely to arise in independently created
works.  <u>Velez v. Sony Discos</u>, No. 05Civ. 0615(PKC), 2007 WL 120686,
*10 (S.D.N.Y. Jan. 16, 2007).

    Finally, the plaintiffs point to a shared "hip hop idiom."
Apart from the word "frontin'," plaintiffs do not identify any

12

particular term or expression that they believe was copied from
their song, and upon careful review of the lyrics the court does
not find that Williams' song shares any idioms or expressions with
the plaintiffs' song, except for the nonprotectible word
"frontin'."

     D.   <u>Total Concept and Feel</u>

The court has reviewed all of the alleged similarities
highlighted by the plaintiffs and found that they do not evidence
substantial similarity.  Nonetheless, it remains for the court to
take a more general view and "examine the total concept and feel of
the work." <u>Hogan v. DC Comics</u>, 48 F. Supp. 2d 298, 309 (S.D.N.Y.
Jan. 26, 1999).  In conducting such a review, the court bears in
mind that nonprotectible elements, if combined in an original way,
can become protectible original expressions.

The court, having carefully listened to the songs and reviewed
the record, finds that the total concept and feel of the two songs
is very different.  The musical and vocal styles, though both
falling within the hip-hop genre, are markedly different, as are
the lyrics and storylines.  The only similarity is the use of the
public domain word "frontin'."

The court concludes that no reasonable trier of fact could
find the works substantially similar.  Because Williams' song does
not infringe the plaintiffs' copyright, the defendants are entitled
to summary judgment on the claims of contributory and vicarious
infringement.  In addition, the plaintiffs' CUTPA claim, which is

based entirely on the alleged infringement of Williams' song, fails as a matter of law in light of the noninfringement.

V.   <u>Conclusion</u>

For all the foregoing reasons, the court recommends that the defendants' Motion for Summary Judgment, doc. #171, be granted.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6 & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Frank v. Johnson</u>, 968 F.2d 298, 300(2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  <u>Small v. Sec'y of Health and Human Serv.s</u>, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 25th day of February, 2010.

```
____/s/_____
Donna F. Martinez
United States Magistrate Judge
```