```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

PETER CURRIN, ET. AL.,           :

   Plaintiffs,                   :

V.                                :

                                 CASE NO. 3:07-CV-1069(RNC)

ARISTA RECORDS, INC., ET AL.,    :

   Defendants.                   :

                               :

## RULING AND ORDER

The Magistrate Judge's recommended ruling of February 25, 2010 (Doc. 187), recommends that the defendants' motion for summary judgment be granted on the plaintiffs' claims of copyright infringement on the ground that no reasonable trier could find that the two songs at issue are substantially similar. Plaintiffs, proceeding pro se, have filed written objections to the recommended ruling (Doc. 196). In their memorandum, they argue that summary judgment should not be granted because there are "eleven disputes of material fact." Of these eleven "disputes," only "disputes" five through eleven relate to the recommended ruling.[1] None of the arguments advanced in connection with these "disputes" (i.e. "disputes" five through eleven) provides a basis for denying the defendants' motion for

---

[1] "Disputes" one through four relate to plaintiffs' insistence that they are entitled to a default judgment, notwithstanding previous rulings to the contrary. See Docs. ## 153 and 204.

summary judgment.  Accordingly, the recommended ruling is approved and adopted.

Plaintiffs contend that in ruling on the motion for summary judgment, the Court should consider the report of their expert witness, Mr. Mask.  <u>See</u> Disputes 5, 10.  The Magistrate Judge's recommended ruling sustains the defendants' objection to this report on the grounds that the report does not disclose Mr. Mask's qualifications, <u>see</u> Fed. R. Civ. P. 26(a)(2)(B)(iv), and plaintiffs have otherwise failed to show that he is qualified to provide expert testimony.  <u>See</u> F.R.E. 702.  Plaintiffs contend that the report should be considered on the merits because the failure to disclose Mr. Mask's qualifications as an expert is attributable to their former counsel.  As the recommended ruling makes clear, however, even if defendants' objection to Mr. Mask's report was overruled, and his report was considered on the merits, summary judgment still would be proper.  <u>See</u> <u>Recommended Ruling</u> at 5, 8.

Plaintiffs next contend that they have a right to a trial at which they can show that Pharrell Williams lacks credibility.  <u>See</u> Dispute 6.  The recommended ruling does not rely on Mr. Williams' testimony, however.  Rather, it assumes for the purpose of ruling on the motion for summary judgment that Mr. Williams had access to the plaintiffs' song and an opportunity to copy it.  <u>See</u> Recommended Ruling at 2.  Accordingly, Mr. Williams' alleged

lack of credibility is immaterial.

Plaintiffs contend that a trial also is necessary to enable them to prove that their song was produced in 1991 and thus predates the allegedly infringing work.  See Dispute 7.  It is undisputed, however, that plaintiffs' song predates Williams' recording.[2]

Plaintiffs next contend that their work is protected by copyright.  See Dispute 8.  For purposes of summary judgment, the defendants have not disputed plaintiffs' copyright ownership, as the Magistrate Judge correctly recognized.  See Recommended Ruling at 2.

Plaintiffs contend that the two songs at issue share common errors and are therefore substantially similar.  See Dispute 9.  Plaintiffs did not raise this argument before the Magistrate Judge and, accordingly, it does not provide a proper basis for objecting to the recommended ruling.  Even now, moreover, they do not identify any common errors.

Plaintiffs next contend that summary judgment is

---

[2] In their complaint, plaintiffs alleged that their song was produced in 1993.  See Am. Comp. at ¶ 16. They repeated this allegation in their response to the motion for summary judgment. See Pls.' Mem. In Opp. at 1.  Why they now claim that the song was produced in 1991 is unclear, but their change in position may be due to the Magistrate Judge's reliance on a 1992 dictionary, which includes the word "frontin'".  In any event, having previously claimed throughout this long-pending litigation that their song was produced in 1993, plaintiffs' belated assertion that the song actually was produced in 1991 does not provide a proper basis for objecting to the recommended ruling.

3

inappropriate because (a) their former counsel omitted to bring to the attention of the Magistrate Judge several material facts and (b) it is necessary to evaluate the credibility of the witnesses.  <u>See</u> Dispute 10.  Plaintiffs do not identify any material facts, however, and the credibility of the witnesses has no bearing on the issue of substantial similarity.

    Finally, plaintiffs contend that their depositions disclose the existence of disputed issues of material fact requiring a trial.  <u>See</u> Dispute 11.  Here again, however, no such issues are identified.

    Accordingly, the Magistrate Judge's recommended ruling is hereby approved and adopted.  Judgment will enter in favor of the defendants.  The Clerk may close the file.

    So ordered this 14th day of April 2010.

>         /s/RNC
> Robert N. Chatigny
> United States District Judge